UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

KEITH A. ELSESSER,

*Defendant-Appellant.*

No. 03-4147

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Lyle E. Strom, Senior District Judge.
(CR-01-79-V)

Submitted: January 30, 2004

Decided: March 12, 2004

Before WILKINSON, NIEMEYER, and GREGORY,
Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Robert D. Jacobs, Richmond, Virginia, for Appellant. Robert J. Conrad, Jr., United States Attorney, Kenneth M. Smith, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Keith A. Elsesser appeals his convictions for conspiracy to commit wire fraud and mail fraud, 18 U.S.C. § 371 (2000), aiding and abetting wire fraud, 18 U.S.C. §§ 2, 1343 (2000), conspiracy to commit money laundering, 18 U.S.C. § 1956(h) (2000), and four counts of aiding and abetting engaging in monetary transactions in property derived from unlawful activity, 18 U.S.C. §§ 2, 1957 (2000). On appeal, Elsesser asserts that the district court improperly instructed the jury regarding co-conspirator testimony. Elsesser also argues that the district court erred in applying sentencing enhancements for role in the offense, *U.S. Sentencing Guidelines Manual* § 3B1.1(c) (2002), and abuse of position of trust, USSG § 3B1.3. Finding no error, we affirm.

Elsesser first contends that the district court erred by not instructing the jury that the testimony of a co-conspirator who pled guilty was to be reviewed with great caution and viewed with grave suspicion. In general, the decision to give, or not to give, a jury instruction and the content of that instruction are reviewed for an abuse of discretion. *United States v. Burgos*, 55 F.3d 933, 935 (4th Cir. 1995). Jury instructions are to be read as a whole. *See United States v. Morrison*, 991 F.2d 112, 116 (4th Cir. 1993). "If [the instruction] fairly summarizes the law, it is not grounds for reversal." *Id.* Upon our review of the record, we conclude the district court did not err in failing to instruct the jury that the co-conspirator's testimony must be viewed with grave suspicion.

Second, Elsesser asserts the district court erred in applying two enhancements. Elsesser's sentencing was enhanced for his role in the offense as a supervisor of at least one other person. The district court found that Elsesser took responsibility for one area of the fraud and acted as a leader and supervisor. A district court's determination of the defendant's role in the offense is reviewed for clear error. *United States v. Sayles*, 296 F.3d 219, 224 (4th Cir. 2002). A two-level enhancement is appropriate where the defendant directed the activities of one other person. *United States v. Harriott*, 976 F.2d 198, 200 (4th

Cir. 1992). The district court did not clearly err in the application of the enhancement for Elsesser's role in the offense.

Elsesser also challenges the application of an enhancement for his abuse of a position of trust. Elsesser asserts the transactions undertaken with the victims of the fraud were ordinary commercial transactions that are not sufficient to invoke the abuse of trust enhancement. *See United States v. Moore*, 29 F.3d 175 (4th Cir. 1994). Whether the defendant occupied a position of trust must be viewed from the perspective of the victim. *Moore*, 29 F.3d at 179-80. The enhancement applies to "a defendant who . . . perpetuates a financial fraud by leading an investor to believe the defendant is a legitimate investment broker. § 3B1.3, comment. (n.2). The district court's determination that this adjustment applies is a factual question reviewed for clear error. *United States v. Akinkoye*, 185 F.3d 192, 203 (4th Cir. 1999). Knowingly advising clients to invest in fraudulent schemes may constitute abuse of a position of trust. *United States v. Godwin*, 272 F.3d 659, 663-65 (4th Cir. 2001). We find the district court did not clearly err in finding that Elsesser abused his position of trust with the investors he defrauded.

Accordingly, we affirm Elsesser's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*